IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ISMAEL DELEON ORTEGA, JR.,**

    **Plaintiff,**

    v.                                      CASE NO. 23-3211-JWL

**RANDY BROCK, Sheriff,**

    **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Ismael Deleon Ortega, Jr., is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Seward County Law Enforcement Center in Liberal, Kansas. The Court provisionally grants Plaintiff leave to proceed in forma pauperis.

Although Plaintiff's Complaint is hard to decipher, he alleges that on June 2, 2020, he was arrested by someone impersonating an officer with a fake badge. (Doc. 1, at 2.) Plaintiff alleges that "he" went inside Plaintiff's van and took a phone out without a search warrant. *Id*. Plaintiff alleges that he was held by Sheriff Randy Broke at the Sheriff's Department for five hours. *Id*. at 3. Plaintiff claims that "he" asked Plaintiff to open up "a Mexico password" that Plaintiff did not know. *Id*.

Plaintiff names Sheriff Randy Brock or Broke as the sole defendant, and states that he is the Sheriff of Summer County.[1]  For relief, Plaintiff seeks to have his state criminal cases dismissed.  *Id*. at 5 (referring to Seward County criminal case numbers 197 and 209).

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

---

[1]  Plaintiff refers to the sole defendant throughout the Complaint as both Randy Broke and Randy Brock.  Although there is no Summer County in Kansas, there is a Sumner County, Kansas.  However, Plaintiff's state criminal proceedings are in Seward County, Kansas.

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III. DISCUSSION

### 1. Younger Abstention

Plaintiff's claims relate to his criminal proceedings in Seward County, Kansas. *See State v. Ortega-Deleon*, Case No. 2020-CR-209, filed June 4, 2020 (District Court of Seward County, Kansas); *State v. Ortega-Deleon*, Case No. 2020-CR-197, filed May 27, 2020 (District Court of Seward County, Kansas). Plaintiff pleaded guilty to sexual exploitation of a child—possess media of child <18. *Id*. On August 18, 2022, Plaintiff was sentenced to 60 months of confinement in Case No. 2020-CR-209 and 36 months of confinement in Case No. 2020-Cr-197. *Id*.

On June 1, 2023, an affidavit for probation revocation in Case Nos. 20-CR-197 and 20-CR-209 was entered, stating that Plaintiff was placed on Community Corrections for 36 months commencing on August 18, 2022. *Id*. A revocation hearing was held on July 13, 2023. *Id*. A motion to determine competency was filed on July 17, 2023; an order for psychiatric or psychological exam and evaluation was entered on July 19, 2023; and the cases are scheduled for a review hearing on October 16, 2023. *Id*.

Plaintiff previously raised similar claims in this Court.[2] *See Ortega v. Firtti*, Case No. 20-3228-SAC. Because Plaintiff's state criminal proceedings were ongoing, the Court dismissed the case after Plaintiff failed to show good cause why his case should not be dismissed based upon the *Younger* abstention doctrine. *Id*. at Doc. 11.

The Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a

---

[2] In Case No. 20-3228 Plaintiff alleged that an Oklahoma City Police Officer John Firtti or a Sheriff Randy Balk opened Plaintiff's phone without a search warrant.

federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Online records show that Plaintiff's criminal proceedings are ongoing. Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state

proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

Plaintiff should show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Seward County, Kansas.

**2. Heck Bar and Habeas Nature of Claim**

Plaintiff seeks to have his criminal cases dismissed. Plaintiff's claim regarding the search in 2020 appears to relate to his underlying criminal cases and convictions in Seward County. Plaintiff pleaded guilty and was sentenced in both criminal cases and probation revocation proceedings are currently pending in the cases.

Any federal claim challenging the validity of a sentence in a state criminal case must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v.*

6

*Lundy*, 455 U.S. 509, 518–19 (1982);  Therefore, any claim challenging a state sentence is not cognizable in a § 1983 action.

Likewise, before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck*, 512 U.S. 477.  If a plaintiff has been convicted and a judgment on plaintiff's federal claim would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that his underlying convictions have been overturned.

IV.  **Response Required**

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the Court's deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis.  Plaintiff remains obligated to submit the civil action filing fee or a motion for leave to proceed in forma pauperis by the **October 23, 2023** deadline

set forth in the Court's Notice of Deficiency at Doc. 2. If Plaintiff fails to comply by the deadline, this matter may be dismissed without further notice for failure to comply with the Court's order.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 23, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated September 22, 2023, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**