IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ISMAEL DELEON ORTEGA, JR.,

    **Plaintiff,**

    v.                                                                     CASE NO. 23-3211-JWL

RANDY BROCK, Sheriff,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Seward County Law Enforcement Center in Liberal, Kansas. Plaintiff seeks to have his state criminal cases dismissed. (Doc. 1, at 5) (referring to Seward County criminal case numbers 197 and 209). On September 22, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until October 23, 2023, in which to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. The Court has received letters in support of Plaintiff (Doc. 4)[1] and Plaintiff's response (Doc. 5). Plaintiff argues in his response about the underlying search and damage done to his van, but he does not address the deficiencies set forth in the MOSC.

The Court found in the MOSC that Plaintiff's claims relate to his criminal proceedings in Seward County, Kansas. *See State v. Ortega-Deleon*, Case No. 2020-CR-209, filed June 4, 2020 (District Court of Seward County, Kansas); *State v. Ortega-Deleon*, Case No. 2020-CR-197, filed May 27, 2020 (District Court of Seward County, Kansas). Plaintiff pleaded guilty to

---

[1] The letters do not address the MOSC, but rather are in support of Plaintiff's innocence and suggest he was falsely accused and misidentified. The letters appear to be written on various dates, including May 7, 2019, June 9, 2020, and May 2, 2021. *See* Doc. 4, at 10, 17, 25.

1

sexual exploitation of a child—possess media of child <18. *Id*. On August 18, 2022, Plaintiff was sentenced to 60 months of confinement in Case No. 2020-CR-209 and 36 months of confinement in Case No. 2020-Cr-197. *Id*. On June 1, 2023, an affidavit for probation revocation in Case Nos. 20-CR-197 and 20-CR-209 was entered, stating that Plaintiff was placed on Community Corrections for 36 months commencing on August 18, 2022. *Id*. A revocation hearing was held on July 13, 2023. *Id*. A motion to determine competency was filed on July 17, 2023; an order for psychiatric or psychological exam and evaluation was entered on July 19, 2023; and the cases were scheduled for a review hearing on October 16, 2023. *Id*.

The Court noted in the MOSC that Plaintiff previously raised similar claims in this Court.[2] *See Ortega v. Firtti*, Case No. 20-3228-SAC. Because Plaintiff's state criminal proceedings were ongoing, the Court dismissed the case after Plaintiff failed to show good cause why his case should not be dismissed based upon the *Younger* abstention doctrine. *Id*. at Doc. 11. Likewise, in the MOSC in Plaintiff's current case, the Court found that the Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197

---

[2] In Case No. 20-3228 Plaintiff alleged that an Oklahoma City Police Officer John Firtti or a Sheriff Randy Balk opened Plaintiff's phone without a search warrant.

(citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Online records show that Plaintiff's criminal proceedings are ongoing. Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

The Court ordered Plaintiff to show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Seward County, Kansas. The Court also found in the MOSC that Plaintiff seeks to have his criminal cases dismissed. Plaintiff's claim regarding the search in 2020 appears to relate to his underlying criminal cases and convictions in Seward County. Plaintiff pleaded guilty and was sentenced in

both criminal cases and probation revocation proceedings are currently pending in the cases.

Any federal claim challenging the validity of a sentence in a state criminal case must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982);  Therefore, any claim challenging a state sentence is not cognizable in a § 1983 action.

Likewise, before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If a plaintiff has been convicted and a judgment on plaintiff's federal claim would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United

States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that his underlying convictions have been overturned.

Plaintiff has failed to show good cause why this matter should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated October 31, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE